**In the Matter of the Application for DISCIPLINARY ACTION AGAINST The Honorable Dallas V. LARSON, Municipal Judge, Cooperstown, North Dakota.**

**No. 10661.**

Supreme Court of North Dakota.

March 26, 1984.

ORDER

A Stipulation and Agreement was signed by Dallas V. Larson as respondent judge and by Roger R. Weisenburger as counsel for the respondent on March 21, 1984, and by Vivian E. Berg for the Judicial Qualifications Commission on March 15, 1984. Upon acceptance of this Stipulation and Agreement by the Judicial Qualifications Commission, the Commission on March 26, 1984, petitioned the Supreme Court pursuant to Rule 28 of the Rules of the Judicial Qualifications Commission to enter an Order publicly censuring Dallas V. Larson and making known the bases therefore as set forth in the Stipulation and Agreement.

In the Stipulation and Agreement, the respondent acknowledged and admitted:

"(a) That convictions for driving while under the influence of intoxicating liquor, or similar words, were reported to the licensing authority in 1977 and 1978 as required by § 39–07–11, NDCC, then in effect.

"(b) That in 1979 and thereafter some convictions for driving while under the influence of intoxicating liquor, or similar words, were reported to the licensing authority and that some were not.

"(c) That § 39–07–11, NDCC (S.L.1981, ch. 386, § 2), effective July 1, 1981, set forth the following as convictions, requiring that a report of same be forwarded to the licensing authority when:

1. A sentence is imposed and suspended;

2. Imposition of a sentence is suspended under chapter 12–53; or

3. There is a forfeiture of bail or collateral deposited to secure a defendant's appearance in court and the forfeiture has not been vacated.

"(d) That among unreported convictions after July 1, 1981, were some 25, more or less, of individuals who had pled guilty, received a deferred imposition of sentence and were assessed costs, on occasion denominated a fine, in varying amounts; that said costs were occasionally suspended and that there was occasionally referral for alcohol counseling.

"(e) That several convictions were reported to the licensing authority after a second conviction in municipal court, although the municipal court was without jurisdiction to hear this second violation since it was a Class A misdemeanor pursuant to § 39–08–01(2), NDCC; further, that a second violation in county court, on at least one occasion, led to a fine and a report to the licensing authority in addition to the costs earlier assessed; further, that on one occasion a report was sent to the licensing authority after a conviction in county court without further proceedings in municipal court.

"(f) That at least two individuals who were found guilty after trial also received deferred impositions of sentence and were assessed costs, with convictions unreported."

In the Stipulation and Agreement, respondent further conceded that his conduct violated Rule 2 A. of the Rules of Judicial Conduct which reads:

"A judge shall respect and comply with the law and shall act in such a manner that promotes public confidence in the integrity and impartiality of the judiciary;"

and Rule 3 A.(1) of the Rules of Judicial Conduct which reads:

"A judge shall be faithful to the law and maintain professional competence in it. A judge shall be unswayed by partisan interests, public clamor, or fear of criticism."

IT IS ORDERED, that the Petition of the Judicial Qualifications Commission be and hereby is granted and that Dallas V. Larson is hereby publicly censured for the above described conduct while a municipal judge pursuant to the Stipulation and Agreement signed by the parties on March 15 and March 21, 1984, and filed with the Supreme Court of North Dakota on March 26, 1984.